UNITED STATES DISTRICT COURT
OF THE WESTERN DISTRICT OF MISSOURI

| REGINA LYON, | ) | |
|---|---|---|
| as next friend for | ) | |
| B.M., a minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| AURORA R-8 SCHOOL DISTRICT, | ) | Case No. |
| | ) | |
| PHILLIP SHORT, | ) | |
| | ) | |
| JENNIFER ERICKSON, and | ) | |
| | ) | |
| D.E., a minor, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW,** B.M. by and through her next friend, Regina Lyon, by and through their attorneys, Roger Johnson and Anna Pace of the law firm Johnson, Vorhees, & Martucci, and for their cause of action against Defendants Aurora R-8 School District, Phillip Short, Jennifer Erickson and D.E., a minor, state and allege as follows:

## JURISDICTION AND FACTS

1. At all times herein concerned, Plaintiff B.M. was a five (5) year old female child residing in Lawrence County, Missouri, and was a student at Pate Early Childhood Center, a school within the Aurora, Missouri School District.

2. At all times herein concerned, Regina Lyon was and is the natural mother and legal guardian of B.M.

3. Concurrent with the filing of this Complaint, Regina Lyon moves this honorable Court to appoint her as Next Friend of B.M. for purposes of bringing this action for personal injuries suffered by the minor plaintiff.

4. Now and at all times herein concerned, Defendant Aurora R-8 School District is a public school system situated in Aurora, Lawrence County, Missouri, which operates various public educational systems, including Kindergarten through twelfth grade (12th) grades, and is the recipient of federal and state funds. Defendant Aurora R-8 School District can be served by the Lawrence County Sheriff through its superintendent, Billy Redus, at 201 South Madison Avenue, Aurora, Missouri 65605.

5. At all times herein concerned, Defendant Phillip Short was an employee and agent of Defendant Aurora R-8 School District, and was employed to operate a school bus. Defendant Phillip Short may be served by the Lawrence County Sheriff at his personal residence, 4383 State HWY V Verona, Missouri 65769.

6. At all times herein concerned, Defendant Jennifer Erickson (hereinafter "Erickson") was the natural mother and guardian of Defendant D.E., a minor teenage male child; Defendant Erickson can be served process by the Lawrence County Sheriff at her residence located at 1138 Porter Avenue, Aurora, MO 65605.

7. At all times herein concerned, Defendant D.E. was a student with the Aurora School District; Defendant D.E. can be served process by the Lawrence County Sheriff at his residence located at 1138 Porter Avenue, Aurora, MO 65605.

8. Federal District Court has federal question jurisdiction over Title IX claims, and therefore, jurisdiction exists as to this case. 28 U.S.C.A. §1331. Further, this Court has ancillary jurisdiction over Defendants Erickson and D.E. as to any claims under the State law of Missouri.

9. Venue exists inasmuch as all defendants either reside or operate within the State of Missouri, and the claim arose in Lawrence County, Missouri, which lies within this district. 28 U.S.C.A. §1391(a).

## GENERAL ALLEGATIONS OF FACT

10. On or about October 2019, B.M. was a five (5) year old female kindergarten student at Pate Early Childhood Center, a school within the Aurora, Missouri School District.

11. At all times herein concerned, Plaintiff B.M. was entirely under the supervision, control, and care of Aurora R-8 School District and its employees while she was attending school and on the school bus.

12. Beginning in October 2019, and through December 2019, while on the bus rides from school to her home, Plaintiff B.M. was repeatedly sexually assaulted by Defendant D.E., an older teenaged male student.

13. The acts of sexual assault against Plaintiff B.M. took place on the school buses owned by the Aurora School District, including but not limited to bus number six (6).

14. Plaintiff B.M. lacked the capacity and did not have the physical or mental wherewithal to consent to or escape from Defendant D.E.'s advances.

15. Plaintiff B.M. relied entirely on the adults charged with her care to assure that she was safe from sexual assault.

16. Repeatedly, Defendant D.E. sought opportunity to sexually assault Plaintiff B.M., employing manipulative tactics of intimidation, bribery, forced vows of secrecy and silence,

threat, and other such methods to coerce Plaintiff B.M. into keeping Defendant's actions silent, despite the enormous harm he was inflicting on Plaintiff B.M. physically, emotionally, and mentally.

17. Defendant Aurora R-8 School District owed a duty to Plaintiff B.M. to ensure that she enjoyed a safe educational environment to attend kindergarten, free from harm, and protected against sexual assault and abuse.

18. Defendant Phillip Short, as a bus driver and employee of Defendant Aurora R-8 School District, owed a duty to Plaintiff B.M. to safely transport her to and from Pate Early Childhood Center, and to ensure that she was safe and free from harm, including the repeated sexual assaults suffered by her.

## COUNT I
*(Title IX Violation – Aurora R-8 School District)*

COMES NOW, Plaintiff B.M., through her Next Friend, Regina Lyon, and for Count I of her Complaint for Damages, states as follows:

19. Title IX of the Education Amendments Act of 1972 prohibits discrimination under any education or activity receiving federal assistance. U.S.C.A. §1681(a).

20. School districts may be liable for sexual abuse or sexual harassment of students by peers under Title IX. *Davis Next Friend LaShonda D. v. Monroe County Bd. Of Educ.*, 526 U.S. 629 (1999).

21. Aurora R-8 School District is a public school district situated in Lawrence County, Missouri and is a recipient of federal and state assistance.

22. During the months of October 2019 through December 2019, Plaintiff B.M. was a student at Defendant Aurora R-8 School District and attended the Pate Early Childhood Center.

23. During the months of October 2019 through December 2019, Plaintiff B.M. rode the Aurora R-8 school bus daily, which was owned and operated by Defendant Aurora R-8 School District.

24. During the time in which Plaintiff B.M. rode the school bus, she was repeatedly sexually assaulted by Defendant D.E., who was also a student at the Defendant Aurora R-8 School District.

25. Defendant D.E., who was a male teenaged student at the Defendant Aurora R-8 School District, targeted Plaintiff B.M. because of her gender, her age, and her inability to physically protect herself from the repeated sexual assaults.

26. Defendant D.E. sought opportunity to sexually assault Plaintiff B.M. by employing manipulative tactics of intimidation, bribery, forced vows of secrecy and silence, threat, and other such methods to coerce Plaintiff B.M. into keeping Defendant's actions silent, despite the enormous harm he was inflicting on Plaintiff B.M. physically, emotionally, and mentally.

27. The conduct was so severe, pervasive, and objectively offensive that it effectively deprived Plaintiff B.M. to access to educational benefits or opportunities provided by Defendant Aurora R-8 School District, inasmuch as Plaintiff B.M. became easily distracted, angered, and emotional, and unable to learn and engage in the educational curriculum.

28. During the October 2019 – December 2019 period, Plaintiff B.M. and Defendant D.E.'s school bus was driven by Defendant Phillip Short, who was employed by Defendant Aurora R-8 School District.

29. By virtue of Defendant Phillip Short's employment with the Aurora R-8 School District, both defendants exercised substantial control over Defendant D.E., the school bus transporting Plaintiff B.M. and Defendant D.E., so as to expose Plaintiff B.M. to sexual harassment and sexual assault.

30. Plaintiff B.M. repeatedly pled with Phillip Short to allow her to sit next to him on the school bus rides, in an effort to end the sexual assaults, but Phillip Short ignored her requests.

31. Plaintiff B.M. reported the repeated sexual assaults to her mother, Regina Lyon, who promptly reported the incident to school officials.

32. The Aurora R-8 School District acted with "deliberate indifference" to the sexual assault and harassment, in that Aurora R-8 School District failed to take appropriate measures to prevent the ongoing sexual assault perpetrated by Defendant D.E., failed to cease the sexual assault perpetrated by Defendant D.E., and failed to take any measures to discipline or otherwise remedy the circumstance.

33. As a direct and proximate result of Defendant Aurora School District's actions and omissions, Plaintiff B.M. suffered – and continues to suffer – physical and emotional pain, severe emotional distress, humiliation, fear, anguish, distrust of adults, loss of enjoyment of life, and permanency of injury, all of which continues to create distress to Plaintiff B.M. to this date.

WHEREFORE, Plaintiff Regina Lyon as Next Friend for B.M., prays that on Count I this Court find that Defendant Aurora R-8 School District, caused permanent damage and harm to the child, Plaintiff B.M., and that the Court grant Plaintiff judgment against Defendant Aurora R-8 School District, jointly and severally with all other defendants herein, for actual and compensatory damages in a sum that is fair and reasonable together with costs, prejudgment interest as allowed by law, and for such other and further relief as this Court deems just and proper.

## COUNT II
*(Negligence – Phillip Short)*

COMES NOW, Plaintiff B.M., through her Next Friend, Regina Lyon, and for Count III of her Complaint for Damages, states as follows:

34. Plaintiff incorporates paragraphs 1-33 fully as if set forth herein.

35. Defendant Phillip Short, as a bus driver for Defendant Aurora R-8 School District, performed a ministerial function for the Aurora R-8 School District, in that he operated a school bus to transport children to and from school.

36. Defendant Phillip Short owed a duty to all children whom he transported to and from school, including Plaintiff B.M., to ensure that the children were safe and free from harm during the time in which the children were in his control and under his supervision.

37. Defendant Phillip Short breached his duty of care to Plaintiff B.M. in one or more of the following ways:

   a. Defendant Phillip Short failed to intervene in the daily sexual assaults that were committed by Defendant D.E. and against Plaintiff B.M. that occurred while Defendant Phillip Short was in control of Defendant D.E. and Plaintiff B.M.;

   b. Defendant Phillip Short failed to prevent the daily sexual assaults that were committed by Defendant D.E. and against Plaintiff B.M. while the students were riding on his school bus;

   c. Defendant Phillip Short failed to supervise Defendant D.E. while Defendant D.E. was under his control;

   d. Defendant Phillip Short failed to report Defendant D.E.'s conduct to the necessary authorities, in violation of the Standards for School Bus Operation, 5 C.S.R. 40-261.010(3)(S); and

   e. Defendant Phillip Short failed to conduct himself to the standard set forth in the Handbook promulgated by Defendant Aurora R-8 School District.

38. Defendant Phillip Short's negligence directly and proximately caused the minor plaintiff to suffer physical and emotional pain, severe emotional distress, humiliation, fear, anguish,

distrust of adults, loss of enjoyment of life, and permanency of injury, all of which continue to create distress to Plaintiff B.M. to this date.

39. Defendant Short's actions were in reckless disregard and conscious indifference for the safety of children, particularly Plaintiff B.M.

WHEREFORE, Plaintiff Regina Lyon as Next Friend for B.M., prays that on Count II this Court find that Defendant Phillip Short, caused permanent damage and harm to the child, Plaintiff B.M., and that the Court grant Plaintiff judgment against Defendant Phillip Short, jointly and severally with all other defendants herein, for actual and compensatory damages in a sum that is fair and reasonable together with costs, prejudgment interest as allowed by law, and for such other and further relief as this Court deems just and proper.

## COUNT III
*(Negligence – Jennifer Erickson)*

COMES NOW, Plaintiff B.M., through her Next Friend, Regina Lyon, and for Count III of her Complaint for Damages, states as follows:

40. Plaintiff incorporates paragraphs 1 through 39 as if fully set forth herein.

41. Defendant Erickson knew or should have known that Defendant D.E. was a sexual predator and/or had a predilection toward inappropriate or deviant sexual behaviors, and that he should not be trusted with other children, especially those substantially younger and most vulnerable.

42. It was foreseeable that by allowing her son, Defendant D.E. around other children, Defendant Erickson would create an unreasonable risk of harm to other children, including Plaintiff B.M.

43. Defendant Erickson had a duty of care to any child who would be exposed to her son, Defendant D.E.'s, sexual perversions, including Plaintiff B.M.

44. Defendant Erickson repeatedly breached her duty of care to Plaintiff B.M. in one or more of the following ways:

   a. Defendant negligently failed to teach or train her son how to behave toward children, how to control his sexual or violent impulses and how to conduct himself on a school bus;

   b. Defendant negligently supervised her son;

   c. Defendant negligently failed to warn anyone, including Plaintiff B.M.'s mother, of Defendant D.E.'s sexual perversions;

   d. Defendant negligently ignored warning signs that Defendant D.E. was not controlling his perversity;

   e. Defendant was negligently inattentive to the safety and well-being of Plaintiff B.M.;

   f. Defendant negligently enabled her son's perversities rather than insisting that he receive mental health counseling and that he stay away from children, including Plaintiff B.M.;

45. Defendant Erickson's actions were in reckless disregard and conscious indifference for the safety of children, particularly Plaintiff B.M.

46. Defendant Erickson's negligence directly and proximately caused the minor plaintiff to suffer physical and emotional pain, severe emotional distress, humiliation, fear, anguish, distrust of adults, loss of enjoyment of life, and permanency of injury, all of which continue to create distress to Plaintiff B.M. to this date.

WHEREFORE, Plaintiff Regina Lyon as Next Friend for B.M., prays that on Count III this Court find that Defendant Jennifer Erickson, caused permanent damage and harm to the child, Plaintiff B.M., and that the Court grant Plaintiff judgment against Defendant Jennifer Erickson, jointly and severally with all other defendants herein, for actual and compensatory damages in a sum that is fair and reasonable together with costs, prejudgment interest as allowed by law, and for such other and further relief as this Court deems just and proper.

## COUNT IV
### (Assault – D.E.)

COMES NOW, Plaintiff B.M., through her Next Friend, Regina Lyon, and for Count III of her Complaint for Damages, states as follows:

47. Plaintiff incorporates paragraphs 1-46 as if set forth herein.

48. Defendant D.E. intended to cause bodily harm and/or offensive contact by repeatedly sexually assaulting minor Plaintiff B.M. while the parties were riding the school bus to and from school and by employing manipulative tactics of intimidation, bribery, forced vows of secrecy and silence, threat, and other such methods to coerce Plaintiff B.M..

49. Defendant D.E. displayed conduct of his intent to cause bodily harm or offensive contact by repeatedly sexually assaulting minor Plaintiff B.M. while the parties were riding the school bus to and from school.

50. Plaintiff B.M. experienced apprehension of bodily harm and/or offensive contact that was caused by Defendant D.E.'s repeated sexual assaults against the minor plaintiff.

51. Defendant D.E.'s conduct directly and proximately caused the minor plaintiff to suffer physical and emotional pain, severe emotional distress, humiliation, fear, anguish, distrust of adults, loss of enjoyment of life, and permanency of injury, all of which continue to create distress to Plaintiff B.M. to this date.

52. Defendant D.E. acted with malice and evil intent during his sexual assaults on Plaintiff B.M.

WHEREFORE, Plaintiff Regina Lyon as Next Friend for B.M., prays that on Count IV this Court find that Defendant D.E., caused permanent damage and harm to the child, Plaintiff B.M., and that the Court grant Plaintiff judgment against Defendant D.E., jointly and severally with all other defendants herein, for actual and compensatory damages in a sum that is fair and reasonable together with costs, prejudgment interest as allowed by law, and for such other and further relief as this Court deems just and proper.

## COUNT V
### (Battery – D.E.)

COMES NOW, Plaintiff B.M., through her Next Friend, Regina Lyon, and for Count V of her Complaint for Damages, states as follows:

53. Plaintiff incorporates paragraphs 1-52 as if set forth herein.

54. Defendant D.E. repeatedly consummated his acts of assault by sexually assaulting Plaintiff B.M., almost daily, while the parties rode to and from school on the Defendant Aurora R-8 school bus, and by employing manipulative tactics of intimidation, bribery, forced vows of secrecy and silence, threat, and other such methods to coerce Plaintiff B.M.

55. Defendant D.E.'s conduct directly and proximately caused the minor plaintiff to suffer physical and emotional pain, severe emotional distress, humiliation, fear, anguish, distrust of adults, loss of enjoyment of life, and permanency of injury, all of which continue to create distress to Plaintiff B.M. to this date.

56. Defendant D.E. acted with malice and evil intent during his sexual batteries on Plaintiff B.M.

WHEREFORE, Plaintiff Regina Lyon as Next Friend for B.M., prays that on Count V this Court find that Defendant D.E., caused permanent damage and harm to the child, Plaintiff B.M., and that the Court grant Plaintiff judgment against Defendant D.E., jointly and severally with all other defendants herein, for actual and compensatory damages in a sum that is fair and reasonable together with costs, prejudgment interest as allowed by law, and for such other and further relief as this Court deems just and proper.

## COUNT VI

*(Negligence – D.E.)*

COMES NOW, Plaintiff B.M., through her Next Friend, Regina Lyon and, in the alternative, for Count VI of her Complaint for Damages, states as follows:

57. Plaintiff incorporates paragraphs 1-56 as if set forth herein.

58. Defendant D.E. owed a duty of ordinary care to other pupils, including Plaintiff B.M., to behave as an adolescent teenaged boy should under the same or similar circumstances.

59. Defendant D.E. negligently breached his duty of care to Plaintiff B.M. in one or more of the following ways:

   a. Defendant D.E. permitted his perverted desires to control his actions and conduct when he knew or should have known that such conduct was wrong;

   b. Defendant D.E. negligently failed to report his perverted desires to his parents, school counselor, doctor, or someone that could help him;

   c. Defendant D.E. negligently used threats to compel the silence of a substantially younger child;

60. Defendant D.E.'s actions were in reckless disregard and conscious indifference for the safety of other pupils, particularly Plaintiff B.M.

61. Defendant D.E.'s negligence directly and proximately caused the minor plaintiff to suffer physical and emotional pain, severe emotional distress, humiliation, fear, anguish, distrust of adults, loss of enjoyment of life, and permanency of injury, all of which continue to create distress to Plaintiff B.M. to this date.

WHEREFORE, Plaintiff Regina Lyon as Next Friend for B.M., prays that on Count VI this Court find that Defendant D.E., caused permanent damage and harm to the child, Plaintiff B.M., and that the Court grant Plaintiff judgment against Defendant D.E., jointly and severally with all other defendants herein, for actual and compensatory damages in a sum that is fair and reasonable together with costs, prejudgment interest as allowed by law, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/Anna Pace*
Anna Pace, MO Bar #69321
Roger Johnson, MO Bar # 48480
JOHNSON, VORHEES & MARTUCCI
510 W. 6th St. Joplin MO 64801
Phone: 417-206-0100
Facsimile: 417-206-0110
e-mail: anna@4stateslaw.com

**ATTORNEY'S LIEN CLAIMED**     e-mail: roger@4stateslaw.com
**JURY TRIAL DEMANDED**     *Attorneys for Plaintiff*